**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6308**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO BUTTS, a/k/a Lorenza Butts, a/k/a Lorenzo Butts, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:00-cr-00067-AWA-1)

Submitted: August 26, 2021                           Decided: September 2, 2021

Before MOTZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Lorenzo Butts, Appellant Pro Se. Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Butts appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

In 2001, after a jury trial, Lorenzo Butts was convicted of conspiracy to distribute and possess with intent to distribute 1000 grams or more of heroin and 5000 grams or more of cocaine, participating in a continuing criminal enterprise (CCE) used to distribute controlled substances, 2 counts of opening and maintaining any place to distribute and use controlled substances, possession with intent to distribute 500 grams or more of cocaine, possession with intent to distribute 100 grams or more of heroin, 2 counts of possession with intent to distribute heroin, 2 counts of possession with intent to distribute cocaine, 5 counts of possessing, using, and carrying a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm.

At sentencing, the district court overruled Butts' objection and assigned Butts an adjusted offense level of 43 because the court found by a preponderance of the evidence that two victims were killed during the course of the conspiracy under circumstances that would constitute murder under 18 U.S.C. § 1111. See U.S. Sent'g Guidelines Manual § 2D1.1(d) (2000) (cross-referencing USSG § 2A1.1). Butts' Guidelines range was life. Butts received a life sentence for the CCE conviction, several concurrent sentences for the underlying substantive convictions, and 1260 months' imprisonment for the five counts of

2

using a firearm in furtherance of a drug conspiracy, to run consecutively to the life sentence. The court withheld imposing a sentence for the drug conspiracy conviction.

In August 2020, Butts filed his pro se motion for compassionate release because he believed he was at risk of severe illness in light of his age and advanced kidney disease if he contracted COVID-19. Butts also claimed that the sentence stacking utilized for the 18 U.S.C. § 924(c) convictions, which is no longer permissible after passage of the First Step Act, was an extraordinary and compelling reason to reduce his sentence. Butts' assigned counsel supplemented Butts' motion by notifying the district court that Butts is on path to be diagnosed with end-stage renal disease and will likely require dialysis three times a week. The Government opposed Butts' motion.

The district court recognized that it could consider any extraordinary and compelling reason Butts might raise in his motion, including the length of his sentence that may be disparately long after enactment of the First Step Act. The court also recognized that it must consider the applicable 18 U.S.C. § 3553(a) sentencing factors even if Butts established extraordinary and compelling reasons for his release.

In finding that the § 3553(a) sentencing factors did not warrant Butts' release, the district court noted that Butts' offenses were egregious and that Butts still presents a danger to the community. The court also noted that Butts was attributed with either murdering or ordering the murder of four individuals during the course of the drug conspiracy. The court also highlighted Butts' lengthy criminal history, which included prior convictions for murder and a firearm offense. Additionally, the court found that Butts had served an inadequate percentage of his sentence and that he had recently acquired some prison

3

infractions. The court described Butts' rehabilitative efforts as commendable, but determined that those efforts did not outweigh the § 3553(a) sentencing factors, particularly the seriousness of the offenses, the need to protect the public and promote respect for the law, and to afford specific deterrence.

A district court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We review a district court's ruling on a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). A district court abuses its discretion when it "act[s] arbitrarily or irrationally," "fail[s] to consider judicially recognized factors constraining its exercise of discretion," "relie[s] on erroneous factual or legal premises," or "commit[s] an error of law." *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021) (internal quotation marks omitted).

Even if the district court finds extraordinary and compelling reasons for early release, the court must consider the 18 U.S.C. § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). "Those factors include 'the nature and circumstances of the offense'; 'the history and characteristics of the defendant'; 'the need to avoid unwarranted sentence disparities'; and the need for the sentence to 'provide just punishment,' 'afford adequate deterrence,' 'protect the public,' and 'provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner.'" *High*, 997 F.3d at 186 (quoting 18 U.S.C. § 3553(a)).

4

In considering Butts' offenses, the district court stated that Butts "was found guilty by a jury to multiple counts of the Superseding Indictment relating to his leadership in a drug trafficking conspiracy. Three of these counts were for murder in furtherance of the drug conspiracy." (PACER No. 287 at 1 (citations omitted)). This finding is in error. Butts was neither convicted nor charged with murder. As noted, however, the sentencing court found Butts was responsible for two murders during the course of the conspiracy. In determining the sentence, a court can consider uncharged conduct, such as the murders in this case, "as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009). But here, the court incorrectly found that Butts' convictions included three counts of murder in furtherance of a drug trafficking crime.[*] We will not presume how the court would have resolved Butts' motion for compassionate release had it relied on the correct factual premise that Butts was found accountable for two murders by a preponderance of the evidence.

Accordingly, we vacate the district court's order and remand for further proceedings. We express no view on whether the applicable § 3553(a) sentencing factors warrant Butts' release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We note that Judge Allen did not preside over Butts' sentencing.

5